UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| JAMES SWANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:24-CV-298 |
| vs. ) | |
| ) | |
| CARL SWANN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner, has filed a Complaint [Doc. 1] and Motion for Leave to Proceed *in forma pauperis* [Doc. 4] in this matter alleging that Defendant Carl Swann falsely accused Plaintiff of identity theft and forgery which led to his arrest and incarceration. Plaintiff notes that he previously brought a case against Defendant which was dismissed by a court in this district without prejudice, although he does not provide any specific information about that matter such as a docket number. This matter is now before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court. For reasons set forth below, the undersigned **RECOMMENDS** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* be denied and that the complaint he filed be **DISMISSED without prejudice** and **FURTHER RECOMMENDS** that Plaintiff be declared a vexatious litigant.

   I.   **IN FORMA PAUPERIS SCREENING PROCESS**

Along with Plaintiff's pro se Complaint, he filed a Motion [Doc. 4] to proceed *in forma pauperis*. While normally this Court would proceed to consider Plaintiff's request to proceed *in forma*

*pauperis* on the merits, the Court notes that Plaintiff was recently prohibited from proceeding *in forma pauperis* in another action he filed in this district, *Swann v. Cassidy, et al.*, 1:24-cv-235 (E.D. Tenn. 2024), because he now has "three strikes" under the Prisoner Litigation Reform Act ("PLRA"). 28 U.S.C. § 1915(g). This provision of the PLRA provides that an inmate may not proceed *in forma pauperis* in a civil action if, as a prisoner, he has filed three or more cases that a court dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Given that Plaintiff has already been found to be subject to the three-strikes rule,[1] this Court must only consider whether Plaintiff is "under imminent danger of serious physical injury" if he is denied the right to proceed *in forma pauperis*. Plaintiff's own litigation history makes it clear that this provision does not apply to permit Plaintiff to proceed in this matter without first paying the filing fee. While Plaintiff did not provide the Court with any information regarding the lawsuit he previously filed against Defendant Carl Swann, the Court has identified the case and determined that it was filed in 2021. *See Swann v. Swann,* 2:21-cv-193 (E.D. Tenn. 2021). In that matter, Plaintiff made allegations against Defendant which are almost identical to those made in this action. *Id.* at [Doc. 1]. In the earlier case, Plaintiff correctly notes that the matter was dismissed but incorrectly asserts that it was dismissed without prejudice. Instead, on February 24, 2022, the case was dismissed **with prejudice** (emphasis added). *Id.* at [Doc. 12]. No further action was taken by Plaintiff against Defendant Carl Swann until Plaintiff filed the instant action on August 9, 2024. Given the totality of the circumstances, Plaintiff has failed to demonstrate that his ongoing complaints against Defendant would subject him to any

---

[1] The Sixth Circuit recently clarified its position on the types of dismissals that count as strikes in the context of 28 U.S.C. § 1915. *Crump v. Blue*, No. 24-1126 (6th Cir. Nov. 15, 2024) (recommended for publication). Applying the Sixth's Circuit's current standard, each of the cases listed in *Swann v. Cassidy, et al.*, 1:24-cv-235 (E.D. Tenn. 2024) at [Doc. 7] is properly counted as a strike because each of the actions listed were dismissed in their entirety for failure to state a claim upon which relief may be granted.

harm, much less an imminent danger of serious physical injury. As such, the undersigned recommends that Plaintiff's Motion to Proceed *in forma pauperis* be **DENIED** and that this action be **DISMISSED**.

## II. PLAINTIFF AS A VEXATIOUS LITIGANT

As noted above, Plaintiff has already been found by the district court to have three strikes under the PLRA. However, even a plaintiff subject to the three-strikes rule can still file a lawsuit without permission of the court so long as they pay the filing fee. Here, because Plaintiff has made repetitive, frivolous, and vexatious filings, the undersigned must recommend that, in addition to Plaintiff being subjected to the PLRA's three-strikes rule, he also be enjoined from filing any new petitions or complaints in the Eastern District of Tennessee or from making any new filing in any cases that have been closed in this district without first seeking and obtaining the Court's permission to file.

Not including the action at hand, Plaintiff has filed eight other cases which have been dismissed in this district. *See Swann v. Morristown Auto Sales,* 1:17-cv-294 (E.D. Tenn. 2017) (dismissed at screening stage for failure to state a claim upon which relief may be granted); *Swann v. Slater, et al.*, 1:18-cv-314 (E.D. Tenn. 2018) (dismissed for failure to prosecute after Plaintiff did not appear at a show cause hearing); *Swann v. Penske, et al.*, 1:20-cv-264 (E.D. Tenn. 2020) (dismissed at screening stage for failure to state a claim upon which relief may be granted); *Swann v. Swann,* 2:21-cv-193 (E.D. Tenn. 2021) (dismissed with prejudice at screening stage); *Swann v. Talley,* 2:21-cv-194 (E.D. Tenn. 2021) (dismissed with prejudice at screening stage with finding that any appeal of action would be frivolous); *Swann v. Dist. Att'y of Kingsport, et al.*, 1:22-cv-25 (E.D. Tenn. 2022) (dismissed as malicious and for failure to state a claim upon which relief may be granted with a finding that any appeal would not be taken in good faith); *Swann v. Google*, 1:23-cv-240 (E.D. Tenn. 2023) (dismissed at screening stage for failure to prosecute case because Plaintiff failed to assert a claim over which this court has jurisdiction, with Plaintiff being warned in the dismissal order that he could face injunctive measures should he continue to file cases that fail to pass § 1915 screening or result in dismissal

pursuant to Rule 41(b)); and *Swann v. Cassidy, et al,* 1:24-cv-235 (E.D. Tenn. 2024) (dismissed without prejudice for failure to pay filing fee on July 18, 2024, and action has not been refiled).[2] In other words, seven of the cases that Plaintiff has filed in this district were dismissed at early stages in this litigation for failure to state a claim and/or for failure to abide by the rules applicable to litigation. An eighth was dismissed because Plaintiff failed to comply with the PLRA's three-strikes provision. Of additional note and as referenced above, Plaintiff's complaint in this matter is an almost identical match to the one filed in one of the cases previously dismissed with prejudice.

It is well-settled that a court has the authority to restrict litigants from repeatedly filing frivolous matters without first obtaining the court's permission. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50 (1991); *Jones v. Kolb*, 91 F. App'x 367, 369 (6th Cir. 2003). The Sixth Circuit has specifically determined that restricting such parties from filing documents without the court's prior approval is an appropriate means of addressing the potential waste of judicial resources caused by litigants who have engaged in a pattern of frivolous filings. *Filipas v. Lemons*, 835 F.2d 1145, 1145 (6th Cir. 1987); *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 269 (6th Cir. 1998).

Given Plaintiff's documented history of frivolous and duplicative filings and his history of failing to comply with applicable law and court procedures, the undersigned has determined that it is appropriate to recommend that Plaintiff be enjoined from making further filings in the court without

---

[2] The Court notes that in the cases in question Plaintiff's name is sometimes listed as James Swann, Sr. and is sometimes listed as simply James Swann. James Swann, Sr. does appear to have a son named James Swann, Jr. who has also filed at least one case in this district. *See Swann, Jr. v. Hinkle*, 1:21-cv-319 (E.D. Tenn. 2021). James Swann, Sr. is also identified by inmate ID 75257 in cases 2:21-cv-194, and 1:22-cv-25. This same ID number was provided by the plaintiff in case 1:24-cv-235, so despite the absence of "Sr." being used in Plaintiff's name, the inmate ID number makes it clear that it is James Swann, Sr. and not his son who filed the lawsuit. Additionally, although Plaintiff does not list Sr. in his name on the complaint filed in this case, he listed inmate ID 75257 on his transmittal envelope and the allegations are virtually identical to those in case 2:21-cv-193 where Plaintiff did include Sr. in his name, demonstrating that those two cases were filed by the same person. Thus, the Court concludes that all cases with the name James Swann, Sr. or inmate ID 75727 were filed by the same person. Additionally, the district court has previously identified factual similarities in cases filed under the name of "James Swann" that show the cases were filed by James Swann, Sr. as opposed to his son. *See Swann, Sr. v. Washington Cnty. Jail, et al.*, 1:22-cv-179 (E.D. Tenn. 2022) at [Doc. 7, n.1]. As such, it appears that all the cases listed above were filed by James Swann, Sr. Still, even if some of the cases were filed by James Swann, Jr., no less than three of the cases which were definitively filed by James Swann, Sr., inmate ID 75727 were dismissed at the screening stage for failure to state a claim upon which relief can be granted and another, 1:22-cv-179, has been dismissed pursuant to the three strikes rule.

obtaining prior approval. In making this recommendation, the undersigned has determined that there is no other means of addressing the issue of Plaintiff's frivolous filings which will be adequate to prevent Plaintiff from committing further waste of judicial resources.

### III. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that Plaintiff's request to proceed *in forma pauperis* [Doc. 4] be **DENIED** pursuant to the PLRA's three-strikes rule and that his Complaint [Doc. 1] be **DISMISSED without prejudice**. The undersigned **FURTHER RECOMMENDS** that Plaintiff be declared a vexatious litigant and that he be enjoined from making further filings in the court without obtaining prior approval. This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d at 263 and pursuant to the district court's policy regarding the process for seeking to have a litigant declared vexatious.[3]

Respectfully submitted,

/s/Cynthia Richardson Wyrick
United States Magistrate Judge

---

[3] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).