# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| JAMES SWANN, | ) |
|     *Plaintiff*, | ) Case No. 1:24-cv-298 |
| | ) |
| v. | ) Judge Travis R. McDonough |
| | ) |
| CARL SWANN, | ) Magistrate Judge Cynthia R. Wyrick |
| | ) |
|     *Defendant*. | ) |

## ORDER

On November 20, 2024, United States Magistrate Judge Wyrick filed her Report and Recommendation (Doc. 9) pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Magistrate Judge Wyrick recommended that Mr. Swann's motion for leave to proceed in forma pauperis be denied and his complaint dismissed with prejudice. Magistrate Judge Wyrick further recommends that Mr. Swann be declared a vexatious litigant. (*See* Doc. 9.) The Court will discuss each recommendation in turn.

## I. DISMISSAL OF THE COMPLAINT

Mr. Swann has filed no objections to the Magistrate Judge's Report and Recommendation that his motion for leave to proceed in forma pauperis be denied and his complaint dismissed.[1] Nevertheless, the Court has reviewed the Report and Recommendation, as well as the record, and it agrees with Magistrate Wyrick's well-reasoned conclusions.

---

[1] Magistrate Judge Wyrick specifically advised Plaintiff that he had 14 days in which to object to the Report and Recommendation and that failure to do so would waive his right to appeal. (Doc. 9, at 5 n.3); *see* Fed. R. Civ. P. 72(b)(2); *see also Thomas v. Arn*, 474 U.S. 140, 148-51 (1985) (noting that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). Even taking into account the three additional days for

Accordingly, Mr. Swann's motion (Doc. 4) to proceed in forma pauperis is hereby **DENIED** and the complaint (Doc. 1) is **DISMISSED** with prejudice.

## II. VEXATIOUS LITIGANT DECLARATION

Mr. Swann has also filed no objections to the Magistrate Judge's Report and Recommendation that he be declared a vexatious litigant. Nevertheless, the Court has reviewed the Report and Recommendation, as well as Mr. Swann's previous vexatious filings, and it agrees with Magistrate Wyrick's well-reasoned conclusions. (*See* Doc. 9, at 3–5.)

As a result of Mr. Swann's extensive vexatious filing practices in this Court, the Court hereby **PERMANENTLY ENJOINS** James Swann from filing any petition or complaint without first seeking and receiving approval by the Court.

### Procedural History

As Magistrate Judge Wyrick's Report and Recommendation catalogues in detail, Mr. Swann has filed numerous vexatious lawsuits in this district. (*See* Doc. 9, at 3.) The instant case is his ninth lawsuit to be dismissed in this district since 2017 (*see id.*, at 3–4), and its allegations are nearly identical to those in a previous suit that was dismissed with prejudice, *Swann v. Swann*, 2:21-cv-193 (E.D. Tenn. 2021). As Magistrate Judge Wyrick notes, he has already been found to have three strikes under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), and he was warned in one 2023 dismissal that continued frivolous filings could result in injunctive measures against him. (*See id.*) In another lawsuit Mr. Swann filed that is currently pending before this Court, *Swann v. Chime Banking*, 1:24-cv-175 (E.D. Tenn. 2024), he has demonstrated similarly vexatious behavior by repeatedly filing motions that were either premature or in contravention of the Magistrate Judge's order that the Court will not consider any motions until

---

service provided by Fed. R. Civ. P. 6(d), the period in which Plaintiff could timely file any objections has now expired.

his complaint is screened (*see* 1:24-cv-175, Doc. 33 (denying five motions as premature and nine motions as in contravention of the order)), including after he was warned regarding the order (*see* 1:24-cv-175, Doc. 30).

## Filing Injunction

The Court has the authority to restrict prolific litigants from repeatedly filing frivolous matters without first obtaining leave of court. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50 (1991); *Jones v. Kolb*, 91 Fed. Appx. 367, 369 (6th Cir. 2003). The Sixth Circuit has determined that restricting prolific litigators from filing any document without prior approval by the Court is a proper method for handling the complaints of prolific litigators. *Filipas v. Lemons*, 835 F.2d 1145, 1145 (6th Cir. 1987); *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 269 (6th Cir. 1998). "A prefiling review requirement is a judicially imposed remedy whereby a plaintiff must obtain leave of the district court to assure that the claims are not frivolous or harassing" and such a requirement is appropriate when a litigant has demonstrated a pattern of repetitive or vexatious litigation, particularly where "a litigant is merely attempting to collaterally attack prior unsuccessful suits." *Raimondo v. United States*, No. 21-10854, 2022 WL 3581144 (E.D. Mich. Aug. 19, 2022).

To impose such a restriction, the Court must "'identify a pattern of repetitive, frivolous, or vexatious filings.'" *United States v. Petlechov*, 72 F.4th 699, 710-711 (6th Cir. 2023) (quoting *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 269 (6th Cir. 2020)). Although litigiousness alone is not sufficient to support an injunction, "a pattern of filing repetitious or frivolous actions is a waste of judicial resources," and because the Court has a "responsibility to see that [judicial] resources are allocated in a way that promotes the interests of justice … the Court may impose sanctions on [litigants who] continue to file repetitious or frivolous claims."

3

Case 1:24-cv-00298-TRM-CRW    Document 10    Filed 12/17/24    Page 3 of 6    PageID #: 27

*Porter v. D + C Recovable arm. Tr.,* No. CV 23-40170-MRG, 2024 WL 967575, at *2 (D. Mass. Mar. 6, 2024) (internal quotations omitted). *See, e.g.*, *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021) ("[A] plaintiff's duplicative complaint is an abuse of the judicial process."); *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) ("When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process.").

Based upon James Swann's prior conduct, as specified above, the Court finds that James Swann has demonstrated a pattern of filing frivolous lawsuits and motions and, accordingly, finds that it is reasonable to anticipate that Mr. Swann will persist in his current pattern of frivolous litigation. The Court therefore finds that nothing less than a comprehensive filing injunction will be adequate to prevent Mr. Swann from further wasting judiciary resources.

Accordingly, James Swann is hereby **PERMANENTLY ENJOINED** from filing any new petitions or complaints in this Court or from making any new filing in any cases that have been closed without first seeking and obtaining the Court's permission to file. To obtain the Court's permission to file, Mr. Swann **MUST** submit to the Court:

1. A copy of the proposed petition, complaint, or document to be filed.
2. A "Motion Pursuant to Court Order Seeking Leave to File," which must include as exhibits:
    a. A copy of this Order;
    b. A declaration prepared pursuant to 28 U.S.C. § 1746, or a sworn affidavit, certifying that:

        i. The petition, complaint, or other document raises a new issue which has never been previously raised by Mr. Swann in this or any other court;

        ii. The claims asserted in the petition, complaint, or other document are not frivolous; and

        iii. The petition, complaint, or other document is not filed in bad faith.

    c. A statement that lists:

        i. The full caption of each and every suit that has been previously filed by James Swann or on his behalf in any court against each and every defendant named in any new suit he wishes to file; and

        ii. The full caption of each and every suit that he has filed that is currently pending.

The Clerk's Office shall identify James Swann as a RESTRICTED FILER in CM/EF and shall reject any proposed filings by Mr. Swann that do not contain the required Motion to Pursuant to Court Order Seeking Leave to File and required exhibits. The Court may deny any motion for leave to file if the proposed filing is frivolous, vexatious, or harassing, or otherwise fails to comply with this Order. If the motion is denied, the document shall not be filed and will be returned to Mr. Swann.

    The Court may dismiss any action initiated by the inadvertent filing by the Clerk's Office of any document submitted by Mr. Swann that has not been approved for filing in compliance with this Order. The Court may also dismiss any action removed to this Court that has been improperly filed in another Court in an attempt to circumvent this Order. A failure to comply with this Order may lead to further sanctions.

5

Case 1:24-cv-00298-TRM-CRW   Document 10   Filed 12/17/24   Page 5 of 6   PageID #: 29

**SO ORDERED.**

<u>**/s/ *Travis R. McDonough***</u>
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**